702 S.E.2d 603

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**James Robert HARRIS, Defendant Below, Appellant.**

No. 35464.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 2010.

Decided Oct. 18, 2010.

Michael C. Alberty, Wheeling, WV, for Appellant.

Shawn R. Turak, Joseph E. Barki, III, Ohio County Prosecutor's Office, Wheeling, WV, for Appellee.

PER CURIAM:

James Robert Harris (hereinafter referred to as "Mr. Harris") appeals from an order of the Circuit Court of Ohio County sentencing him to imprisonment for life and to an aggregate sentence of not less than thirty-one nor more than eighty years. A jury convicted Mr. Harris of abduction with intent to defile; conspiracy to commit abduction with intent to defile; two counts of aiding and abetting sexual assault in the second degree; and sexual assault in the second degree. Here, Mr. Harris has assigned as error: (1) exclusion of evidence under the rape shield statute, (2) the manner in which he was sentenced, and (3) failure to sever charges.[1]

1. Mr. Harris' brief also raised a fourth assign-    ment of error regarding failure to provide a

After a careful review of the briefs, listening to the arguments of the parties, and consideration of the record submitted on appeal, we affirm.

## I.

## PROCEDURAL AND FACTUAL HISTORY

On May 12, 2008, a grand jury returned a thirty-nine count indictment against Mr. Harris, Johnny Boykin, O'Dell Morgan, and Dondi Williams. All of the charges involved separate sexual assaults on two victims, D.M. and J.L.[2] The facts surrounding each sexual assault are outlined below.

In June 2007, D.M. was working at a clothing store when she met Mr. Harris, who was shopping at the store.[3] D.M. and Mr. Harris quickly became friends after their first meeting and went out together on several occasions.[4] At some point in late June 2007, D.M. and Mr. Harris agreed to meet at a local Dairy Queen prior to going to a local nightclub called Alpha. D.M. arrived first at the Dairy Queen. When Mr. Harris arrived, he was accompanied by Johnny Boykin. Mr. Harris suggested that D.M. leave her car at the Dairy Queen and ride in his car to go to the nightclub. D.M. agreed and got into the car with Mr. Harris and Mr. Boykin.

After arriving at the nightclub, two friends of Mr. Harris, O'Dell Morgan and a person known only as "Old School," joined Mr. Harris, D.M., and Mr. Boykin. D.M. drank alcohol and used cocaine while at the nightclub. D.M. left the nightclub with Mr. Harris and his three friends. Mr. Harris eventually drove to a local motel. D.M. was told by Mr. Harris that they were going to the motel to drink beer, which he had purchased at the nightclub.

D.M. entered the motel with Mr. Harris and his three friends. After entering the room, Mr. Harris and his three friends engaged in sexual intercourse with D.M. Almost two months after the incident, D.M. reported to the police that Mr. Harris and his three friends had raped her.

In September 2007, while the police were investigating D.M.'s rape allegations, Mr. Harris was at a bar called Capone's when he met with a group of people that were "hanging out" together: Mr. Morgan, Mr. Boykin, Dondi Williams, Tasha Bungy, Megan Mangino, and J.L. It appears that, while at the bar, J.L. became intoxicated to the point of not being able to walk without assistance. Eventually, Mr. Harris and the group ended up at a local motel, where they rented two adjoining rooms. Ms. Mangino and Ms. Bungy took J.L. into one of the rooms and gave her a shower in an effort to sober her up. After showering J.L., the two women dressed her and left her lying on the bed. The two women then went to the adjoining room to join Mr. Harris, Mr. Morgan, Mr. Boykin, and Mr. Williams.[5] Mr. Harris and the group began drinking alcohol and smoking marijuana.

At some point during the "party", Mr. Harris, Mr. Morgan, and Mr. Boykin went into the room occupied by J.L. When Ms. Bungy and Ms. Mangino realized that the three men had gone into the room with J.L., they began pounding on the door of the room to get them out. The three men remained locked in the room with J.L. for twenty to

transcript of the sentencing hearing at the time the petition for appeal was being prepared. Insofar as Mr. Harris appears to have received the transcript prior to filing his brief, we find this issue moot. We also note that Mr. Harris raised an assignment of error in his petition for appeal regarding allegedly improper comments made by the trial judge during sentencing, which was not raised in his brief. We find that this issue has been waived. *See* Syl. pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived.").

**2.** "Consistent with this Court's practice in cases involving sensitive matters, only the initials of the victim[s] will be used." *State v. Wears*, 222 W.Va. 439, 441 n. 1, 665 S.E.2d 273, 275 n. 1 (2008).

**3.** At the time of these events, D.M. was married, with three children, but was separated from her husband.

**4.** Mr. Harris gave D.M. cocaine on several occasions when they went out together.

**5.** The record indicates that a fifth man, Jamal Darby, had joined the group at the motel.

thirty minutes. When the two women finally were able to get into the room, they found J.L. lying on the bed naked, except for her bra. The two women took J.L. to a hospital, where a rape test was performed and the police were notified.[6]

As previously indicated, Mr. Harris, Mr. Boykin, Mr. Morgan, and Mr. Williams were indicted by a grand jury on thirty-nine counts involving the sexual assault of D.M. and J.L. The trial court severed the charges against the men, and they were each tried separately.[7] Relevant to this appeal, the trial court denied a motion by Mr. Harris to sever the charges involving the two victims. During Mr. Harris' trial, the State called seventeen witnesses, including the two victims. Mr. Harris testified during the trial and called ten witnesses. The jury returned a verdict finding Mr. Harris not guilty of all charges involving D.M. However, with respect to the charges involving J.L., the jury found Mr. Harris guilty of abduction with intent to defile; conspiracy to commit abduction with intent to defile; two counts of aiding and abetting sexual assault in the second degree; and sexual assault in the second degree.

The trial court sentenced Mr. Harris to not less than one nor more than five years for the conspiracy conviction; two sentences of not less than ten nor more than twenty-five years for the two aiding and abetting convictions; and not less than ten nor more than twenty-five years for the second degree sexual assault conviction. The trial court held that all of the sentences were to run consecutively.[8] With respect to the conviction for abduction with intent to defile, the applicable statute required a sentence of not less than three nor more than ten years imprisonment.[9] However, because Mr. Harris was found to have committed two prior felonies, the abduction with intent to defile conviction was used to enhance the sentence for that crime to that of life imprisonment under the recidivist statutes. The trial court also ruled that Mr. Harris had to serve the life sentence before serving the other sentences. From these rulings Mr. Harris appeals.

## II.

### STANDARD OF REVIEW

In this case, Mr. Harris has argued that the trial court committed error in excluding evidence under the rape shield statute, the manner in which he was sentenced, and failing to sever the charges. With respect to the issue of exclusion of evidence under the rape shield statute, this Court has held "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. pt. 1, *State v. Calloway*, 207 W.Va. 43, 528 S.E.2d 490 (1999). Further, we review a trial court's decision to sentence a defendant to consecutive sentences under an abuse of discretion standard. *See State ex rel. Farmer v. McBride*, 224 W.Va. 469, 483, 686 S.E.2d 609, 623 (2009) ("The trial court clearly acted within its discretion when it ordered that the appellant's sentences be served consecutively as opposed to concurrently."). Finally, we apply an abuse of discretion standard in deciding whether a trial court properly denied a motion to sever charges. *See State v. Ladd*, 210 W.Va. 413, 437, 557 S.E.2d 820, 844 (2001) ("The decision whether to grant a motion for separate trials ... rests in the sound discretion of the trial court.").

With these general standards in mind, we will address the issues presented on appeal.

---

6. It appears the motel was equipped with a surveillance camera. The surveillance camera revealed J.L. running out of the room fully clothed and being dragged back to the room by Mr. Morgan, while Mr. Harris held the door open.

7. Mr. Boykin and Mr. Morgan were convicted by separate juries on several charges involving the sexual assault of D.M. and J.L. Mr. Williams entered a plea of guilty to conspiracy charges involving J.L.

8. By running the sentences consecutively, Mr. Harris' sentence was not less than thirty-one nor more than eighty years.

9. *See* W. Va.Code § 61–2–14(a) (1984) (Repl.Vol. 2005).

## III.

## DISCUSSION

We separately will consider each of the three errors assigned by Mr. Harris.

### A. *Exclusion of Evidence*

█ The first issue raised by Mr. Harris is that the trial court erroneously excluded evidence under the rape shield statute. *See* W. Va.Code § 61–8B–11 (1986) (Repl.Vol.2005). This Court has recognized that,

[a]s a general matter, W. Va.Code § 61–8B–11(b) (1986) bars the introduction of evidence, in a sexual assault prosecution, concerning (1) specific instances of the victim's sexual conduct with persons other than the defendant, (2) opinion evidence of the victim's sexual conduct and (3) reputation evidence of the victim's sexual conduct.

Syl. pt. 1, *State v. Guthrie,* 205 W.Va. 326, 518 S.E.2d 83 (1999). We also have indicated that,

W.Va.Code § 61–8B–11(b) (1986) provides an exception to the general exclusion of evidence of prior sexual conduct of a victim of sexual assault. Under the statute, evidence of (1) specific instances of the victim's sexual conduct with persons other than the defendant, (2) opinion evidence of the victim's sexual conduct and (3) reputation evidence of the victim's sexual conduct can be introduced solely for the purpose of impeaching the credibility of the victim only if the victim first makes his or her previous sexual conduct an issue in the trial by introducing evidence with respect thereto.

Syl. pt. 2, *Guthrie,* 205 W.Va. 326, 518 S.E.2d 83.[10] Finally, this Court held in *Guthrie* that

[t]he test used to determine whether a trial court's exclusion of proffered evidence under our rape shield law violated a defendant's due process right to a fair trial is (1) whether that testimony was relevant; (2) whether the probative value of the evidence outweighed its prejudicial effect; and (3) whether the State's compelling interests in excluding the evidence outweighed the defendant's right to present relevant evidence supportive of his or her defense. Under this test, we will reverse a trial court's ruling only if there has been a clear abuse of discretion.

Syl. pt. 6, *Guthrie, id.*

█ The problem we have with Mr. Harris' rape shield argument is that his brief, as pointed out by the State, fails to indicate exactly what evidence was excluded. As previously noted, the jury acquitted Mr. Harris of all charges involving D.M. Consequently, we must assume that Mr. Harris is complaining about evidence involving J.L. We make this assumption because his brief does not even acknowledge this point. The following is the sum total of Mr. Harris' argument:

The trial Court made numerous rulings to exclude relevant evidence under what the court referred to as "Rape Shield Act". This is nomenclature for § 61–8B–11. Sexual Offenses. Evidence. As the trial court judge explained to the jury, "the word rape", does not appear in West Virginia law. In West Virginia, the law refers to sexual offenses as either Sexual Assault or Sexual Abuse. The trial Court Judge largely based his decision regarding admissibility under the case of *State of West Virginia v. James Quinn,* [200 W.Va. 432] (490 S.E.2d [34] 42 W. Va. (1997)).[11]

It is irrefutable that the trial court judge in the case at bar did the exact same thing

---

10. An exception to the exclusion of evidence of a victim's prior sexual conduct is also contained in Rule 404(a)(3) of the West Virginia Rules of Evidence. *See* Syl. pt. 3, *Guthrie,* 205 W.Va. 326, 518 S.E.2d 83. ("Rule 404(a)(3) of the West Virginia Rules of Evidence provides an express exception to the general exclusion of evidence coming within the scope of our rape shield statute. This exception provides for the admission of prior sexual conduct of a rape victim when the trial court determines *in camera* that evidence is (1) specifically related to the act or acts for

which the defendant is charged and (2) necessary to prevent manifest injustice.").

11. Omitted here is a discussion of the *Quinn* case and a federal habeas case styled *Barbe v. McBride,* 521 F.3d 443 (4th Cir.2008) (federal appellate court found that a West Virginia state trial court erred in holding that West Virginia's rape shield law erected a *per se* bar to all evidence of prior sexual conduct of a sexual assault victim).

it did in the Barbe case. The trial court judge did not consider any of the relevant factors in conducting the Rock–Lucas assessment. The trial court did not (1) consider the strength vel non of the state's interests that weigh against admission of the excluded evidence, (2) consider the importance of the excluded evidence to the presentation of an effective defense nor did he (3) consider the scope of the effective ban applied against the accused. Therefore, the trial court abused his discretion to the detriment of Defendant James Robert Harris denying him his constitution rights [sic] to due process and a fair trial. Therefore, the same trial court judge mishandled the same rape shield act over the same objections of the same defense counsel. What occurred at the case at bar is almost identical to what occurred in the Barbe case. Therefore, the conviction of James Robert Harris must be reversed.

(Footnote added).

■Nowhere in the above argument has Mr. Harris mentioned the evidence of prior sexual conduct by J.L. that the trial court purported to exclude. Further, there is no reference to any place in the record where the issue was raised in the trial court as it pertained to J.L.[12] Additionally, during oral arguments before this Court, counsel for Mr. Harris was unable to inform this Court of any evidence that the trial court had excluded under the rape shield statute, that involved J.L.[13] "In the absence of supporting [facts], we decline further to review this alleged error because it has not been adequately briefed." *State v. Allen,* 208 W.Va. 144, 162, 539 S.E.2d 87, 105 (1999). *See also State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues pre-sented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly,* 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("[A]ppellate courts frequently refuse to address issues that appellants . . . fail to develop in their brief."). As we recently stated, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Day,* 225 W.Va. 794, 806 n. 21, 696 S.E.2d 310, 322 n. 21 (2010) (internal quotations and citations omitted).

### B. Consecutive Sentencing

■ Mr. Harris' second assignment of error also suffers from lack of clarity. Mr. Harris' brief appears to take issue with his sentence to both life imprisonment and to the indeterminate sentences, and to having the sentences run consecutively. We find no merit to these issues.

■ In this case, Mr. Harris was sentenced to life imprisonment based upon the application of the recidivist statutes. The life imprisonment provision of the applicable recidivist statute provides:

When it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life.

W. Va.Code § 61–11–18(c) (2000) (Repl.Vol. 2005). Pursuant to W. Va.Code § 61–11–19 (1943) (Repl.Vol.2005), in order to invoke the recidivist statutes, the State is required, pri-

---

**12.** The State points out that the only issue of prior sexual conduct of J.L. concerned the fact that she was pregnant at the time she was sexually assaulted. J.L. gave birth prior to the trial, and DNA test results showed that neither Mr. Harris nor the other defendants was the father of the child. The State asserts Mr. Harris never objected to this evidence being excluded nor was it specifically excluded by the trial court under the rape shield statute. The State has further noted that the only prior sexual conduct evidence involving J.L. that Mr. Harris sought to introduce was evidence concerning her provocative con-duct at the bar before going to the motel. The State contends that Mr. Harris was permitted to introduce such evidence. We note that, in spite of the issues asserted in the State's brief, Mr. Harris failed to respond to the same in his reply brief. The reply brief merely restated the general comments set out in Mr. Harris' initial brief.

**13.** All the rape shield evidence presented during oral argument by Mr. Harris' counsel concerned evidence involving D.M.

or to sentencing, to file an information setting forth one or more previous felony convictions by the defendant. If the jury finds or the defendant admits, after waiving the right to jury determination, that he/she is the same person named in the conviction or convictions set forth in the information, the trial court must sentence the defendant as provided for under W. Va.Code § 61–11–18. *See* Syl. pt. 3, *State ex rel. Cobb v. Boles,* 149 W.Va. 365, 141 S.E.2d 59 (1965).

In the instant proceeding, the State contends, and Mr. Harris does not contest, that a jury determined that Mr. Harris was the person named in an information as having been previously convicted of committing two prior felony offenses.[14] Although Mr. Harris was convicted of committing five offenses in this case, the trial court relied upon only one of those convictions, abduction with intent to defile, in order to impose a life sentence under W. Va.Code § 61–11–18(c). The trial court thereafter imposed separate sentences for the remaining four convictions. Mr. Harris appears to now argue that the trial court had no authority to impose sentences for the remaining four convictions, and that the sentences could not be imposed consecutively. The argument made by Mr. Harris was addressed by this Court in *State v. Housden,* 184 W.Va. 171, 399 S.E.2d 882 (1990).

█ In *Housden,* the defendant was convicted of burglary and grand larceny. The State filed a recidivist information in the case, showing that the defendant had at least two prior felony convictions. After a jury determined that the defendant was the person named in the information, the trial court used the burglary charge to impose a life sentence on the defendant under the recidivist statutes. The trial court also imposed a separate sentence for the grand larceny conviction. Finally, the trial court held that the sentences were to be served consecutively. One of the issues raised by the defendant on appeal was that the trial court had no authority to sentence him to both life imprisonment on the burglary conviction, and to impose a

consecutive sentence for grand larceny. This Court rejected the argument as follows:

> Finally, regarding appellant's contention that the lower court erred in imposing consecutive sentences upon the appellant, while we have not directly addressed this issue, we have implicitly upheld such a consecutive imposition of sentence.
>
> . . . .
>
> The facts in the present case reflect that only the appellant's conviction for burglary was enhanced pursuant to the recidivist statute. We find no reason to restrict a sentencing judge's discretion in imposing sentences which are to run consecutively on the basis that one of those sentences was enhanced to life imprisonment under the recidivist statute.

*Housden,* 184 W.Va. at 176, 399 S.E.2d at 887. Accordingly, this Court went on to hold in Syllabus point 3 of *Housden:*

> A trial judge may impose sentences which run consecutively for multiple convictions rendered on the same day in which one of the convictions is subject to enhancement pursuant to W. Va.Code § 61–11–19 (1943).

184 W.Va. 171, 399 S.E.2d 882.

Under the decision in *Housden,* the trial court in the instant case properly used one of Mr. Harris' convictions to impose a life sentence under the recidivist statute, to further impose sentences on the remaining convictions, and to have all sentences run consecutively. *See Turner v. State,* 957 A.2d 565 (Del.2008) (defendant given two life sentences under state recidivist statute and sentenced separately for seven other convictions).

### C. Failure to Sever Charges

█ The final issue raised by Mr. Harris is that the trial court erred in denying his motion to sever the charges involving D.M. from those involving J.L. We find no merit to this argument.

---

**14.** The two prior felony convictions were delivery of a controlled substance within a thousand yards of a school and attempted assault. The trial court found that both convictions were violent offenses. *See State ex rel. Daye v. McBride,*

222 W.Va. 17, 658 S.E.2d 547 (2007) (affirming use of prior convictions for drug offenses to impose life imprisonment under recidivist statutes).

478

This Court set out the basic rule regarding whether a trial court should sever the trial of various counts contained in an indictment, in Syllabus point 3 of *State v. Hatfield,* 181 W.Va. 106, 380 S.E.2d 670 (1988):

> Even where joinder or consolidation of offenses is proper under the West Virginia Rules of Criminal Procedure, the trial court may order separate trials pursuant to Rule 14(a) on the ground that such joinder or consolidation is prejudicial. The decision to grant a motion for severance pursuant to W. Va. R.Crim. P. 14(a) is a matter within the sound discretion of the trial court.

Further, this Court held in Syllabus point 2 of *State v. Milburn,* 204 W.Va. 203, 511 S.E.2d 828 (1998) that "[a] defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedures [sic] when evidence of each of the crimes charged would be admissible in a separate trial for the other."

In the instant proceeding, the State contends that the circuit court ruled that it would not sever the charges because evidence of the crimes involving D.M. would be admissible in a trial involving J.L. and vice versa. It is further argued by the State that, insofar as the jury acquitted Mr. Harris of all charges involving D.M., there was no prejudice from a single trial.

In looking at the issue presented, we cannot focus on the fact that a jury ultimately found Mr. Harris innocent of all charges involving D.M. We must focus on what the facts were at the time the trial court made its decision to deny the motion to sever.[15] The trial court conducted a hearing pursuant to *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994), to determine whether the evidence of crimes against D.M. would be admissible in a trial involving J.L. and vice versa.[16] During the *McGinnis* hearing, D.M. and Megan Mangino provided testimony regarding the crimes. Ms. Mangino provided testimony regarding the crimes against J.L. because J.L. had no recollection of the events. At the conclusion of the hearing, the trial court entered an order stating that the evidence of the crimes against D.M. would be admissible in the prosecution of the crimes involving J.L. and vice versa. Mr. Harris has not challenged the sufficiency of the trial court's *McGinnis* hearing. We therefore find that the trial court did not abuse its discretion in denying Mr. Harris' motion to sever the charges.

## IV.

### CONCLUSION

We affirm the trial court's order sentencing Mr. Harris to imprisonment for life and to consecutive aggregated sentences of not less than thirty-one nor more than eighty years.

Affirmed.

---

15. Although the record on appeal contains Mr. Harris' motion to sever the charges, the record does not contain an order by the trial court specifically denying the motion.

16. The hearing was conducted as outlined in Syllabus point 2 of *McGinnis:*

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

193 W.Va. 147, 455 S.E.2d 516.