# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: B.N., D.S., and B.R.N.

No. 13-0348 (Wood County 11-JA-38, 11-JA-44, and 12-JA-9)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Berkeley L. Simmons, from the Circuit Court of Wood County, which terminated her parental rights to the subject children by its order entered on March 6, 2013. The guardian ad litem for the children, Wells H. Dillon, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, has also filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner contends that the circuit court erroneously terminated her parental rights due to errors at adjudication and disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2011, the DHHR filed a petition alleging petitioner's abuse and neglect against her oldest child, B.N. The petition alleged that petitioner and her boyfriend abused drugs and engaged in domestic violence in the presence of B.N. The petition further alleged that petitioner failed to bring B.N. to necessary medical appointments for a serious health condition that she was diagnosed with at birth. The petition further alleged that petitioner failed to maintain a stable home. Thereafter, the circuit court granted petitioner an improvement period and directed petitioner to participate in counseling, therapy, parenting skills classes, and drug screens. Petitioner did not fully comply with any of these conditions. Following petitioner's final dispositional hearing in February of 2013, the circuit court terminated petitioner's parental rights to the children. It placed child D.S. with his biological father, J.S., who was a non-offending party in the matter below, and with whom D.S. was living before the abuse and neglect petition was filed. The circuit court placed the other two children in foster care where adoption is currently anticipated. Petitioner Mother now appeals the termination order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

1

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

In this appeal, petitioner challenges the circuit court's discretion at nearly all stages of the abuse and neglect proceedings and contends that the circuit court committed various errors at adjudication, disposition, and in its orders.[1] After careful consideration of the parties' briefs, and the record submitted on appeal, we affirm.

Petitioner argues that the circuit court erred in adjudicating her as abusive and neglectful to her children. She asserts that the DHHR did not provide clear and convincing evidence that she was unable to properly care for her children or that she was unlikely to remedy the abuse and neglect conditions in the near future. With regard to D.S., petitioner argues that "[t]his termination makes no sense" because the circuit court had dismissed D.S. and his father J.S. from the case at a prior hearing when it awarded J.S. custody of D.S. with visitation by petitioner.

Upon our review of the record, we find no error or abuse of discretion in the termination of petitioner's parental rights. The record supports the circuit court's thorough findings that petitioner failed to take full advantage of services to improve her living conditions throughout her case that lasted nearly two years. For instance, petitioner did not submit to all of her ordered drug screens and she failed to maintain a stable home, moving from one place to another. We further find no error in the circuit court's termination of petitioner's parental rights to the child D.S. A review of the transcript from the August 7, 2012, hearing reflects that D.S.'s father, J.S., requested that the circuit court dismiss J.S. from the case because his child D.S. was with him prior to the proceedings and the petition did not include allegations against him. It is clear from reading this transcript that when the circuit court granted J.S.'s motion, he was dismissing J.S. from the case and not D.S. Accordingly, the circuit court did not err in proceeding to disposition with petitioner as it pertained to all three children, nor did it err in ultimately terminating petitioner's parental rights to all three children. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

---

[1] Petitioner lists seventeen assignments of error; however, she actually only develops arguments for a small fraction of her assignments of error. *See State v. Harris*, 226 W.Va. 471, 472 n.1, 702 S.E.2d 603, 604 n.1 (2010) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." (internal quotations and citations omitted)).

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II