**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Anthony C.,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-637** (Berkeley County CC-02-2022-D-AP-3)

**Sarah C.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Anthony C. appeals the Circuit Court of Berkeley County's June 20, 2022, order denying his petition for appeal from a final divorce order entered by the Berkeley County Family Court on February 2, 2022.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The parties married in July 2019, and they have two children together. Respondent filed a petition for divorce in May 2021, and the parties appeared for a final hearing on equitable distribution and custody of their children in January 2022. The family court entered a final divorce order the following month, which contained three rulings that are relevant to petitioner's appeal. First, the family court accepted an appraisal of the marital home submitted by respondent over another one that had been completed because the one submitted by respondent would "be the appraisal utilized for the [respondent's] refinance." Second, the family court directed that petitioner pay respondent her attorney's fees in the amount of $2,000. Third, the family court's equitable distribution required respondent to pay to petitioner $26,815.30, from which the above-mentioned attorney's fees were subtracted. Notably, the family court directed petitioner to provide credit card statements and other financial information he wished to have factored into the court's equitable distribution analysis within ten days of the hearing, but petitioner provided no such information.

Petitioner appealed the family court's final divorce order to the circuit court, which denied his petition for appeal on June 30, 2022. Petitioner now appeals to this Court, asserting three assignments of error: (1) that the family court abused its discretion by accepting a marital property allocation prepared by respondent's counsel "without allowing any review or objections to the

---

[1] Petitioner appears by counsel Amanda L. Lewis. Respondent is a self-represented litigant. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

amounts," (2) that the family court erred by accepting respondent's statements as to her health insurance and daycare expenses without requiring written proof as to those amounts, and (3) that the family court abused its discretion by awarding respondent a portion of her attorney's fees. Due to significant deficiencies in his briefing, we do not address the merits of these arguments.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires argument in a brief to "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Where an assignment of error lacks appropriate and specific citations to the appendix record, this Court may disregard it. *See id.* (authorizing this Court to "disregard errors that are not adequately supported by specific references to the record on appeal"); *see also State v. Harris*, 226 W. Va. 471, 476, 702 S.E.2d 603, 608 (2010) (declining to address an assignment of error "[i]n the absence of supporting [facts] . . . because it has not been adequately briefed"). Moreover, Rule 10(c)(7) requires that briefs "contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable, *and citing the authorities relied on*, under headings that correspond with the assignments of error." (Emphasis added.) And in an Administrative Order this Court entered more than a decade ago, "Re: Filings that Do Not Comply With the Rules of Appellate Procedure," we specified that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not compliant with the Rules of Appellate Procedure. As where a brief lacks citations to the appendix record, we have declined to address assignments of error that lack supportive authority. *See State v. Sites*, 241 W. Va. 430, 442, 825 S.E.2d 758, 770 (2019) (declining to address an assignment of error that includes no legal authority to support the argument).

Petitioner's argument in support of his first assignment of error includes no citations to the record showing that he raised the issue below.[2] Furthermore, his brief contains no citations to the record that (1) demonstrate that he was denied an opportunity to challenge the figures provided by respondent's counsel, (2) contradict the family court's finding that petitioner *failed to submit* the documentation he claims was erroneously ignored, or (3) establish that the home valuation was, as he claims, "fraudulent." Accordingly, we decline to address this assignment of error. Petitioner's argument in support of his second assignment of error is also deficient in that it includes no appropriate and specific citations to the appendix record to support the claims he makes, nor does petitioner cite any law in his discussion of this assignment of error. Because petitioner has failed to substantiate his claim—with either citations to the record or applicable legal authority—we decline to address this assignment of error. Regarding petitioner's third assignment of error, here, too, petitioner has failed to include citations to the record that support his argument. Accordingly, we decline to address this assignment of error. *See* W. Va. R. App. P. 10(c)(7).

---

[2] In the "Statement of the Case" section of his brief, petitioner does represent that he provided "corrections" to the amounts utilized by the family court in a motion for reconsideration, and he provides a citation there to "Exhibit 2" and "Exhibit 3." Disregarding the fact that the appendix record takes the form of "exhibits" rather than numbered pages, as required by Rule 7(b), the exhibits identified by petitioner are not to any motion for reconsideration or "corrected" figures.

Lastly, petitioner requests that this Court award him $6,000 in attorney's fees—double what he requested from the circuit court despite having filed a brief with this Court that is nearly identical to the one filed in the circuit court. He cites a statute and case in support, neither of which he applies. Accordingly, petitioner has demonstrated no entitlement to attorney's fees, and we decline to award them. *See Harris*, 226 W. Va. at 476, 702 S.E.2d at 608 ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *State v. Day*, 225 W. Va. 794, 806 n.21, 696 S.E.2d 310, 322 n.21 (2010)).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn